UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR GRAY and VERNA GRAY,

    Plaintiffs,

v.

                                            Case No. 10-14375
                                            Honorable Patrick J. Duggan

NATIONSTAR MORTGAGE, LLC and
FLAGSTAR BANK, F.S.B.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION FOR SUMMARY JUDGMENT/DISMISSAL**

      This lawsuit concerns a mortgage loan Plaintiffs secured with respect to their residential property in Southfield, Michigan.  In a complaint filed November 1, 2010, Plaintiffs allege sixteen counts against the lender or assignee of the mortgage, respectively Defendants Flagstar Bank, F.S.B. ("Flagstar") and Nationstar Mortgage, LLC ("Nationstar").[1]  On or about March 10, 2011, Plaintiffs and Flagstar reached a settlement agreement and Flagstar was dismissed from this action.  Presently before the Court is Nationstar's motion for summary judgment/dismissal, filed pursuant to Federal Rules of Civil Procedure 12 and 56 on October 14, 2011.  After receiving an extension of time to respond to the motion, Plaintiffs filed a response brief on December 12, 2011.  Notably, Plaintiffs agree in their response to dismiss all of their claims against Nationstar

---

[1] The counts are numbered one through seventeen, but there is no count thirteen.

with the exception of Count I alleging violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and Count VII alleging a violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Nationstar did not file a reply brief. On January 13, 2012, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Nationstar's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

I.      **Factual and Procedural Background**

On April 4, 2007, Plaintiffs executed a loan agreement with Flagstar to secure $341,393.43 in refinancing on their residential property in Southfield, Michigan. In conjunction with the loan, Plaintiffs granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and the lender's successors and assigns. On August 30, 2010, the mortgage was assigned to Nationstar.

In the meantime, in January 2009, Plaintiffs claim that Plaintiff Lamar Gray ("Mr. Gray") called Flagstar to inquire about a loan modification. Plaintiffs submitted an application for a loan modification to Flagstar shortly thereafter. They were not delinquent on the loan at that time.

On March 9, 2009, Plaintiffs contacted Flagstar and were told that Flagstar still was working on their loan modification application. According to Plaintiffs, on June 18, 2009, Flagstar informed them that they needed to withhold four monthly payments to be eligible for a "review." (Pls.' Resp. Ex. A ¶ 6.) Plaintiffs followed Flagstar's instructions

and began withholding their monthly payments.

A month later, in July 2009, Plaintiffs received a letter from Flagstar stating that they were in default on the loan due to their failure to make payments. Plaintiffs sent two letters to Flagstar in September 2009, inquiring about the status of their loan modification application. Flagstar did not respond. On October 1, 2009, Nationstar began servicing the loan.

On October 12, 2009, Plaintiffs received a letter from Nationstar stating that they owed $20,800, an amount which they disputed. In December 2009, Plaintiffs re-applied for a loan modification with Nationstar. Nationstar subsequently told Plaintiffs that they needed to make modified trial payments in January, February, and March 2010, which Plaintiffs did. Nationstar subsequently turned down Plaintiffs' request for a permanent loan modification due to "excessive forbearance." This "excessive forbearance," Plaintiffs allege, was directly linked to the fees that accrued when they complied with Flagstar's and then Nationstar's instructions to withhold and then make modified or trial payments.

Nationstar subsequently retained Trott & Trott, P.C. to initiate foreclosure proceedings against the property due to default for nonpayment. On April 26, 2010, Plaintiffs sent Nationstar a qualified written request ("QWR"). (Pls.' Resp. Ex. B.) In the QWR, Plaintiffs specifically set forth the above history concerning their payments and the instructions they received from Flagstar and then Nationstar, and inquired: "If Flagstar told us we had to withhold payments, how could we possibly be in arrears for following

Flagstar's instructions? Even so, four payments do not equal $20,800.00." (*Id.*) Responding to Nationstar's denial of their loan modification for "excessive forbearance," Plaintiffs wrote in the QWR: "This is absolutely absurd and very frustrating because the only reason there was any forbearance at all was due to the instructions of Flagstar." (*Id.*) Plaintiffs then requested specific information from Nationstar, including "a history of all late charges and penalties, a written explanation as to why such charges accrued," and advised Nationstar that they are represented by counsel and any communications should be directed to their counsel. (*Id.*)

On May 4, 2010, Nationstar sent Plaintiffs' counsel a letter acknowledging receipt of Plaintiff's QWR. (Pls.' Resp. Ex. C.) On May 18, 2010, Nationstar sent Plaintiff's counsel a letter in response to the QWR. (*Id.* Ex. D.) Attached to the letter, Nationstar provided a payment history transaction report, a transaction code guide for the payment history and copies of the original loan-related documents (e.g. mortgage note, riders, initial escrow statement, etc...). (*Id.*) While this was happening, Plaintiffs sent "reinvestigation letters" to the three major credit bureaus and learned, allegedly, that Nationstar had reported derogatory credit information about the Plaintiffs' mortgage during the 60-day period that RESPA bars such information from being reported.

On September 1, 2010, Nationstar sent Plaintiffs an offer for an alternative loan modification. (Nationstar's Mot. Ex. I.) The loan modification agreement provides *inter alia* for monthly payments of $981.14 for the first five years starting October 1, 2010. (*Id.*) Plaintiffs and Nationstar subsequently executed this agreement. (*Id.* Ex. J.) As a

4

result, the foreclosure proceedings with respect to the property were canceled. Nationstar indicates that Plaintiffs failed to make the required monthly payments under the Loan Modification Agreement and payments at this time are due from November 1, 2010 forward.

As indicated earlier, Plaintiffs filed this lawsuit against Defendants on November 1, 2010. In their Complaint, Plaintiffs allege the following claims against Nationstar only:

>     I.    Violation of RESPA
>    II.    Request for Equitable, Declaratory, and Injunctive Relief
>   III.    Breach of Contract/Wrongful Foreclosure
>    IV.    Violation of Michigan Foreclosure Law
>     V.    Violation of Michigan Foreclosure Law
>    VI.    Violation of Michigan Compiled Law § 445.901 *et seq.*
>   VII.    Violation of the FCRA
>  VIII.    Intentional Infliction of Emotional Distress
>    IX.    Negligence
>     X.    Negligence *Per Se*
>    XI.    Defamation by Libel
>   XII.    Negligence- Malicious Statutory Libel
>   XIV     Violations of the Fair Debt Collection Practice Act
>    XV.    Violation of the Michigan Occupational Code
>   XVI.    Violations of the Equal Credit Opportunity Act

Plaintiffs alleged only one count against Flagstar, claiming a violation of the Equal Credit Opportunity Act (Count XVII). That claim has been dismissed pursuant to the agreement between Plaintiffs and Flagstar. In their response brief, Plaintiffs agree to dismiss Counts VI and XIV-XVI against Nationstar with prejudice and the remaining counts, except Counts I and VII, without prejudice. Nationstar has not opposed the non-prejudical voluntary dismissal of some of Plaintiffs' claims.

## II.     Applicable Standard

In the pending motion, Nationstar seeks dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiffs' failure to allege a factual basis in their complaint to support a claim upon which relief may be granted.  Due to Plaintiffs' stipulation, only their RESPA and FCRA claims are at issue.  In response to the motion, Plaintiffs state in detail a factual basis to support these claims and seek leave to amend the Complaint if the Court is inclined to dismiss their claims pursuant to Rule 12(b)(6).  For these reasons, and because Defendants also seek summary judgment pursuant to Federal Rule of Civil Procedure 56, the Court finds amendment unnecessary.  The Court will consider the evidence and allegations set forth in Plaintiffs' response in deciding whether Defendants are entitled to judgment in their favor.

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

### III.   Applicable Law and Analysis

#### A.   RESPA

Plaintiffs assert that Nationstar violated RESPA's provisions relating to their QWR, 12 U.S.C. § 2605(e).[2] Specifically, Plaintiffs contend that Nationstar failed to adequately respond to their QWR and failed to cease adverse credit reporting during the 60-day period following its receipt of the QWR. 12 U.S.C. §§ 2605(e)(2)(B), (3). Nationstar asserts that it "appropriately" answered Plaintiffs' QWR and that Plaintiffs

---

[2]In their Complaint, Plaintiffs also alleged that Nationstar violated RESPA's prohibition against kickbacks and unearned fees, 12 U.S.C. § 2607(b). Plaintiffs do not address this provision in their response brief and thus the Court assumes they are abandoning this part of their claim. In any event, § 2607(b) relates to the origination process and thus not to Nationstar, which was not involved in that process.

7

lack evidence showing that Nationstar provided information regarding their overdue loan payments to any consumer reporting agencies during the 60-day period. Moreover, Nationstar argues that Plaintiffs lack evidence of actual damages resulting from its alleged violations.

RESPA requires a servicer, after receiving a QWR and conducting an investigation, to "provide the borrower with a written explanation or clarification that includes" (1) "to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer;" and, (2) "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. §§ 2605(e)(2)(B)(i), (C)(i). RESPA prohibits the servicer, during a 60-day period following receipt of a QWR disputing the borrower's payments, from "provid[ing] information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency." *Id*. § 2605(e)(3).

This Court believes that a reasonable juror could find that Nationstar's response to Plaintiffs' QWR, sent to Plaintiffs' counsel on May 18, 2010, did not comply with these requirements. Plaintiffs specifically requested information and/or an explanation as to why they accrued fees on payments not made or not made in full in accordance with Flagstar's and then Nationstar's instructions. There was no written explanation or clarification with respect to this inquiry in Nationstar's letter. Further, it is not evident that Nationstar complied with its duty under RESPA to investigate Plaintiffs' assertions


regarding their payment delinquency. The Court also finds evidence presented by Plaintiffs to show that Nationstar reported their overdue payments to at least one credit reporting agency, Experian, during the 60-days following Nationstar's receipt of their QWR. (*See* Pls.' Resp. Ex. F.)

Nationstar also argues that Plaintiffs cannot establish that they suffered damages as a result of its alleged violations of RESPA. In addition to costs and attorneys fees, RESPA allows for the following actual damages to an individual claiming a violation of § 2605: "an amount equal to the sum of– (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1). Many district courts, including courts within the Sixth Circuit, have concluded that emotional damages are recoverable under § 2605(f). *See, e.g., Wienert v. GMAC Mortg. Corp.*, No. 08-14482, 2009 WL 3190420, at *10 (E.D. Mich. Sept. 29, 2009) (unpublished opinion) (collecting cases). Plaintiffs allege that they suffered emotional distress as a result of Nationstar's conduct and Mr. Gray claims in an affidavit submitted in response to Nationstar's motion that he was denied an employment opportunity due to the negative information contained on his credit report. (*See id*. Ex. A ¶¶ 20-21.) The Court therefore finds a genuine issue of material fact with respect to whether Plaintiffs suffered damages as a result of the alleged RESPA violations.

    **B.**     **FCRA**

The FCRA imposes certain requirements on consumer reporting agencies and entities that furnish information to those agencies. 15 U.S.C. § 1681s. When an entity that furnishes information to a consumer reporting agency is notified of a dispute with regard to an account, the FCRA requires the entity to: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally provided the erroneous information. 15 U.S.C. § 1681s-2(b). For the reasons discussed above, the Court also finds a genuine issue of material fact with respect to whether Nationstar complied with its duty to adequately investigate Plaintiffs' dispute concerning their delinquency on their mortgage loan.

## IV. Conclusion

Plaintiffs agree to dismiss all of the counts in their Complaint except the counts asserting violations of RESPA and FCRA (Counts I and VII). For the reasons discussed above, the Court finds a genuine issue of material fact precluding summary judgment in Nationstar's favor with respect to Plaintiffs' remaining claims.

Accordingly,

**IT IS ORDERED**, that Defendant Nationstar Mortgage, LLC's motion for summary judgment/dismissal is **GRANTED IN PART AND DENIED IN PART** in that Counts VI and XIV-XVI of Plaintiffs' complaint are **DISMISSED WITH**

**PREJUDICE** and Counts II, III-VI, and VIII-XII are **DISMISSED WITHOUT PREJUDICE**.  Counts I and VII of Plaintiffs' complaint remain.


Dated: February 2, 2012                      s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Adam G. Taub, Esq.
Parisa Ghazaeri, Esq.